# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF DELAWARE

| | |
|---|---|
| VERIZON FLORIDA INC., VERIZON MARYLAND INC., VERIZON NEW JERSEY INC., VERIZON NEW YORK INC., VERIZON NORTHWEST INC., VERIZON PENNSYLVANIA INC., VERIZON VIRGINIA INC. and VERIZON WASHINGTON, DC INC., <br><br> Plaintiffs, <br><br> v. <br><br> LEVEL 3 COMMUNICATIONS, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C. A. No.: 06-149 (KAJ) ) ) ) ) ) ) |

## **DEFENDANT'S ANSWER TO COMPLAINT**

Defendant Level 3 Communications, LLC ("Defendant") answers the Complaint as follows:

1. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 1 of the Complaint.

2. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 5 of the Complaint.

6. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 6 of the Complaint.

7. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendant is without knowledge or information sufficient to admit or deny the allegations set forth in Paragraph 8 of the Complaint.

9. Admitted.

10. The allegations set forth in Paragraph 10 of the Complaint state a legal conclusion to which no response is required.

11. The allegations set forth in Paragraph 11 of the Complaint state a legal conclusion to which no response is required.

## BACKGROUND FACTS

12. Admitted, upon information and belief.

13. Admitted that Verizon has provided Level 3 with access to the Verizon network. In further response, it is specifically denied that Verizon provided the network access as alleged in the Complaint.

14. Admitted.

15. Admitted.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Admitted that Defendant disputes the charges associated with the BANs referenced in Paragraphs 16 through 41 of the Complaint. Admitted that Defendant has refused

to remit payment to Verizon for the sums asserted in the Complaint. The balance of the allegations set forth in Paragraph 42 of the Complaint are denied.

43. Denied.

## Count I
## Open Account

44. Defendant restates and incorporates herein by reference its answers to Paragraphs 1 through 43 of the Complaint.

45. Denied.

46. Denied.

## Count II
## Breach of Contract

47. Defendant restates and incorporates herein by reference its answers to Paragraphs 1 through 46 of the Complaint.

48. The allegations set forth in Paragraph 48 of the Complaint state a legal conclusion to which no response is required.

49. Denied.

50. Denied.

## Affirmative Defenses

51. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

52. Plaintiffs' Complaint is barred, in whole or in part, by the doctrines of laches, waiver and/or estoppel.

53. Plaintiffs' Complaint is barred, in whole or in part, by the applicable statute of limitations.

54. Plaintiffs' Complaint is barred, in whole or in part, by the doctrine of mutual release.

55. Plaintiffs' Complaint is barred, in whole or in part, by the terms of the Reconciliation Agreement dated December 20, 2004.

56. Plaintiffs' Complaint is barred, in whole or in part, by Plaintiffs' own breaches of contract and/or applicable law, including relevant tariffs.

57. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether Defendant may have additional and yet unstated affirmative defenses available. Defendant reserves the right to assert additional Affirmative Defenses in the event that discovery indicates that such defenses are appropriate.

WHEREFORE, Defendant Level 3 Communications, LLC respectfully requests this Honorable Court enter judgment in its favor and against Plaintiffs as follows:

a) dismissal of this action with prejudice;

b) for an award of Defendant's expenses of litigation, including reasonable attorneys' fees and costs, as allowed under applicable law; and

c) for such other and further relief as the Court deems just and proper.

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ Patricia P. McGonigle
_____
James S. Green (DE481)
jgreen@svglaw.com
Patricia P. McGonigle (DE3126)
pmcgonigle@svglaw.com
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
Tel: 302.888.0600
Dated: June 7, 2006        Fax: 302.888.0606

**CERTIFICATE OF SERVICE**

I, Patricia P. McGonigle, Esquire, hereby certify that on this 7th day of June 2006, I electronically filed the foregoing documents with the Clerk of Court using CM/ECF which will send notification of such filing to counsel of record.

/s/ Patricia P. McGonigle
_____
Patricia P. McGonigle (DE3126)
pmcgonigle@svglaw.com